PER CURIAM.
We affirm the circuit court’s order granting final summary judgment in favor of the plaintiffs former employer. See Allstate Ins. Co. v. Ginsberg, 863 So.2d 156, 158-60 (Fla.2003) (pleadings of unwelcome conduct including touching in a sexual manner do not state a cause of action for the Florida common law tort claim of invasion of privacy); Natson v. Eckerd Corp., 885 So.2d 945, 948 (Fla. 4th DCA 2004) (a defending employer may raise an affirmative defense to liability or damages on a sexual harassment claim on the basis: “(a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.”) (quoting Faragher v. City of Boca Raton, 524 U.S. 775, 807-08, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998)); Scott v. DMN Inc., 31 Fed.Appx. 836 (5th Cir.2002) (“We agree with the district court that [the employer] then discharged its burden by coming forth with a legitimate non-discriminatory reason for terminating [the plaintiff] — namely, that [the plaintiff] violated [the employer’s] established attendance policy by failing to report to work for at least three consecutive days without providing documentation explaining her absence and thus was terminated for job abandonment.”) (footnote omitted).

Affirmed.

TAYLOR, CIKLIN and GERBER, JJ., concur.